IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,845-01






EX PARTE JOSE ANGEL RIVERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01-CR-77 IN THE 381ST DISTRICT COURT


FROM STARR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 65 years' imprisonment. The Fourth Court of Appeals affirmed his conviction. Rivera
v. State, No. 04-02-00576-CR, (Tex. App.- San Antonio, 2005, no pet.) (not designated for
publication). 

 Applicant alleges inter alia that the State coerced him into pleading guilty by threatening him
that he would be sentenced to death unless he entered a guilty plea. Applicant alleges that he was
confused when he entered his plea and could not understand the trial judge's admonishments.
Applicant alleges that counsel solely advised him to plead guilty and failed to advise him as to his
other options including his right to go to trial. Finally, Applicant alleges that counsel's pre-trial
investigation was deficient as counsel failed to discover that Applicant was initially charged with
tampering with evidence and that the evidence did not support the State's re-indictment for murder. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court
may rely on its personal recollection. Id. The trial court shall order trial counsel to file an affidavit
addressing the following: (1) whether the facts in the case supported a capital murder charge; (2)
whether Applicant understood the trial judge's admonishment and the consequences of his plea; (3) 
whether counsel advised Applicant to plead guilty, and if so, why; and, (4) whether counsel's pre-trial investigation indicated that Applicant was initially charged with tampering with evidence and,
if so, whether the evidence supported the State's re-indictment for murder. The trial court shall also
instruct the clerk to supplement the record with a copy of the transcription of the court reporter's
notes from the plea hearing. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial court shall make findings of fact as to
whether the facts in the case supported a capital murder charge. The trial court shall also make
findings of fact as to whether Applicant understood the trial judge's admonishment and the
consequences of his plea. The trial court shall also make findings of fact as to whether counsel
advised Applicant to plead guilty. The trial court shall also make findings of fact as to whether
counsel's pre-trial investigation indicated that Applicant was initially charged with tampering with
evidence and, if so, whether the evidence supported the State's re-indictment for murder. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 18, 2009

Do not publish